# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-0910V**

JENNIFER HAMILTON,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: July 15, 2026

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 10, 2021, Jennifer Hamilton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on November 11, 2019. Petition at 1. On October 10, 2024, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 47. On March 31, 2026, I issued a decision awarding damages to Petitioner following briefing and Motions Day argument by the

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

parties. ECF No. 62.

Petitioner has now filed a motion for attorney's fees and costs.[3] Petitioner's Application for Fees and Expenses ("Motion") filed June 2, 2026, ECF No. 69. Furthermore, Petitioner filed a signed statement representing that no personal out of pocket expenses were incurred. ECF No. 69-3.

Respondent reacted to the motion on June 16, 2026, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at ECF No. 70. Petitioner filed no reply thereafter.

The rates requested for work performed through 2026 are reasonable and consistent with our prior determinations and will therefore be awarded herein.

Regarding the time billed, I note this case required additional briefing regarding damages. *See* Petitioner's Motion for Ruling on Damages, filed March 21, 2025, ECF No. 56; Petitioner's Reply to Respondents' Response to Petitioner's Motion for Ruling on Damages, filed July 9, 2025, ECF No. 59. Petitioners' counsel expended approximately 8.3 hours drafting the damages brief and 13.3 hours drafting the responsive brief for a combined total of 13.3 hours. ECF No. 69-2 at 12. I find this amount of time to be reasonable and will award the attorney's fees requested. And all time billed to the matter was also reasonably incurred.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 69-2 at 15-30. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, Petitioner's Motion for attorney's fees and costs. I award a total of **$51,059.54 (representing $49,532.30 for fees and $1,527.24 for costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed

[3] Petitioner indicates that she is requesting a total of $51,313.05 for attorneys' fees and costs on the first page of her Motion. ECF No. 69 at 1. Additionally, petitioner states that her request is comprised of $49,532.30 in attorneys' fees and $1,780.75 in costs. However, the actual amount of costs based on the receipts and documentation submitted is $1,527.24. ECF No. 69-2 at 15-30. This same total cost amount is also reflected on page 15 of the Motion. Accordingly, the amount to be awarded herein will be based on the actual amounts reflected in the billing record, receipts, and documentation submitted in support thereto which is $49,532.30 in attorney fees and $1,527.24 in costs for a total amount of $51,059.54.

motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.